[Civ. No. 28526. First Dist., Div. Four. Sept. 23, 1971.]

MARILYN JEAN COHEN et al., Plaintiffs and Appellants, v. BOARD OF SUPERVISORS OF ALAMEDA COUNTY et al., Defendants and Respondents.

## COUNSEL

Thomas L. Fike, Loren Mitchell and James C. Rosa for Plaintiffs and Appellants.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Jefferson Frazier, Deputy Attorney General, Richard J. Moore, County Counsel, and Thomas J. Fennone, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**DEVINE, P. J.**—This is an appeal from a judgment sustaining defendants' demurrer to plaintiffs' petition for a writ of mandate and complaint for declaratory relief. Plaintiffs brought suit on behalf of themselves and others similarly situated who are unable to proceed in California courts with their causes of action for dissolution of marriage or declaration of nullity because they lack the funds necessary to pay the costs for service of process on their spouses. The trial court permitted each of the plaintiffs to proceed in forma pauperis in their matrimonial actions, thereby avoiding filing fees. Plaintiffs, however, were unable to pay the costs for service by publication

which, they allege, was necessary because their spouses could not be found for personal service. They sought a writ of mandate commanding defendants Board of Supervisors of Alameda County and the Controller of the State of California to pay the costs of publication, and they prayed for declaratory relief. Demurrer to both causes of action was sustained, and writ of mandate was denied.

Subsequent to the time the parties filed their respective briefs in this case, the United States Supreme Court decided the case of *Boddie* v. *Connecticut,* 401 U.S. 371 [28 L.Ed.2d 113, 91 S.Ct. 780]. ■ There the Supreme Court held that due process of law prohibits a state from denying, solely because of inability to pay court fees and costs for service of process, access to its courts to indigents who, in good faith, seek judicial dissolution of their marriages. In *Boddie,* a deposit with the sheriff of $45 as costs had been required by the statutes of Connecticut, plus fees for service of summons which, in the case of publication, would run as high as $40 or $50. In California, arrangements for publication are not made by a public officer, but by the litigants, usually, of course, by their counsel. In *Boddie,* the decision of the Supreme Court reversed a judgment of a federal district court which had upheld the Connecticut procedure against challenge on constitutional grounds. The Supreme Court said: ". . . we think that *reliable alternatives exist to service of process by a state-paid sheriff if the State is unwilling to assume the cost of official service.* This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings. See *Mullane* v. *Central Hanover Tr. Co., supra* [339 U.S. 306 (94 L.Ed. 865, 70 S.Ct. 652)]. We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper." (401 U.S. at p. 382 [28 L.Ed.2d at p. 121].)

■ We assume, for present purposes, the indigency of plaintiffs. As indigents in marital cases (to which *Boddie* is expressly limited), they are unquestionably entitled not only to access to the courts by waiver of costs, which they have already received, but also to provision for service of process, under the *Boddie* holding. But is the remedy a writ commanding state or county officers to pay private agencies the costs of publication? We hold that it is not. No provision is made by statute for payments of this sort, wherefore the officers who are defendants have no precise duty in the matter, and compulsion to perform "a duty resulting from an office, trust, or station" is the office of the writ of mandate. (Code Civ. Proc., § 1085.) We are mindful, too, of the considerable burden which would be put upon the taxpayers to pay for a service which the Supreme Court has character-

ized as the "least calculated" method of notifying a potential defendant of the proceedings.

Section 415.50 of the Code of Civil Procedure provides, in relevant part, that summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in other specified manner, and that a cause of action exists against the party or he is a necessary or proper party to the action. But this is not the only pertinent statute. Section 413.30 of the same code directs that where no provision is made "in this chapter or other law" for service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served. Obviously, such a "manner" is at hand, for the Supreme Court has described it in *Boddie* (401 U.S. 371, 382 [28 L.Ed.2d 113, 121]) as service at a defendant's last known address and posting. The other prerequisite mentioned in section 413.30 is also present, in that there really is no other provision made by law for service, because although publication is theoretically possible, practically there is no way of efficient publication save by the doubtful expedient of ordering public officials to make expenditures which no statute authorizes them to make. This would be a measure justifiable, if at all, only if it were the sole available means of carrying into execution the service of summons which plaintiffs, as indigent litigants, rightfully demand as an incident of due process.

Since neither the superior court nor any of its officers has been made a defendant to the present proceedings, we cannot direct positive action by the court. We affirm the judgment denying to plaintiffs a writ of mandate against the Board of Supervisors of Alameda County and the State Controller, on the ground that plaintiffs have an adequate remedy by the alternative method of service by summons under Code of Civil Procedure section 413.30, a remedy which they have not yet sought in the superior court.

The judgment denying plaintiffs declaratory relief in the form of an order directing defendants to pay for service by publication is likewise affirmed, because under the conclusions we have reached these defendants had no such obligation.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.