### Beatrice Miserak v. Barbara Terrill, Clerk Caledonia County Court Courthouse, St. Johnsbury, Vermont

[285 A.2d 753]

No. 122-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*Richard A. Axelrod,* Vermont Legal Aid, Inc., St. Johnsbury, for Petitioner.

*James M. Jeffords,* Attorney General, and *Martin K. Miller,* Assistant Attorney General, for Defendant.

**Keyser, J.** This is a petition for a writ of extraordinary relief in the nature of *mandamus* to the clerk of the Caledonia County Court.

The petitioner sought to file her libel for divorce with the petitionee, Barbara Terrill, clerk of said court, without the payment of fees as required by 32 V.S.A. § 1431. In support of her request, the petitioner filed a verified petition with the clerk stating the facts and reasons why she could not afford mandated fees and service costs. The county clerk returned the petition stating that there was no entry fee paid and that under 32 V.S.A. § 1431 she had no authority without such payment to enter the libel.

It is claimed that such refusal violates the Fourteenth Amendment to the United States Constitution and that 32 V.S.A. § 1431, relating to the payment of an entry fee of $15.00, violates the First, Fourth and Seventh Articles of the Vermont Constitution.

The petitioner asks that this Court issue its order directing the clerk of the Caledonia County Court to accept the petitioner's libel for divorce without the payment of the entry fee of $15.00 and further that the clerk make proper service thereof without expense to the petitioner.

The petitioner's claim falls foursquare within the holding of the United States Supreme Court in *Boddie* v. *Connecticut*, 401 U.S. 371, 28 L.Ed.2d 113, 91 S.Ct. 780 (1971). The Court said at 28 L.Ed.2d at 116:

> "Our conclusion is that, given the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit the State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages."

And *Id.* at 120 the Court held that "(a) State must afford all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause."

Again, *Id.* at 120, the court said that "(t)he right to a meaningful opportunity to be heard within the limits of practicality, must be protected against denial by particular laws that operate to jeopardize it for particular individuals."

At least one court has already recognized the special nature of the divorce action. In *Jeffreys* v. *Jeffreys*, 58 Misc.2d 1045, 296 N.Y.S.2d 74, 87 (Sup.Ct. 1968) the court said:

> "Marriage is clearly marked with the public interest. In this State, a marriage cannot be dissolved except by 'due judicial proceedings.' We have erected by statute a money hurdle to such dissolution by requiring in many circumstances the service of summons by publication . . . . This hurdle is an effective barrier to [plaintiff's] access to the courts. The loss of access to the courts in an action for divorce is a right of substantial magnitude when only through the courts may redress or relief be obtained."

There can be no question but that the petitioner in the case at bar is entitled to have her divorce libel together with the petition claiming indigency filed with the Caledonia County Court. It then becomes the duty of the trial court to hear the petition on indigency and determine the truth of the facts alleged. At such hearing it is the duty of the state's attorney to protect the interests of the public. If the decision of the court on this issue is in favor of the libellant an order should then be issued by the court permitting the libellant to proceed with her case to its conclusion without the payment by her of the fee required by 32 V.S.A. § 1431. However, it may develop when the case is heard on its merits that the resources of the libellee will provide ample means for the payment of such fee. If so, an order of the court should issue accordingly. Due diligence should be exercised by the court to determine the facts so that the result indicated may be accomplished. It is the indigency of the libellant with which we are concerned and not that of the libellee.

The next step for the court is to determine the manner of service of process. In the situation presented it appears that the only means of service is under Rule 4(f) or (g), Rules of Civil and Appellate Procedure, by publication. In this connection we again quote from the *Boddie* case, 28 L.Ed.2d at 121, as follows:

> ". . . [W]e think that reliable alternatives exist to service of process by a state-paid sheriff if the State is un-

willing to assume the cost of official service. This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings. See *Mullane* v. *Central Hanover Trust Co.*, 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950). We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper."

 The petitioner prays that service be allowed by certified mail with the return receipt being sufficient proof of service. The manner of service of the libel rests wholly within the power of the trial court having in mind what is said in *Boddie, supra.*

Our disposition of the case makes it unnecessary to consider the second issue raised by the petitioner.

In deciding the issue presented we also limit the application of our holding as did the United States Court in *Boddie* where it said, 28 L.Ed.2d at 122:

"... [W]e wish to re-emphasize that we go no further than necessary to dispose of the case before us .... We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual .... Thus we hold only that a State may not ... pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so."

*Judgment that the prayer of the petitioner that she be allowed to file her libel for divorce with the clerk of Caledonia County Court without the preliminary payment of an entry fee is granted, that a mandamus issue directing said clerk to file the same and proceedings be had in accordance with the views expressed in the opinion.*