Hillsborough,
No. 6464.

MARY J. BROWN *v.* GEORGE J. BROWN.

November 3, 1972.

*New Hampshire Legal Assistance* (*Mr. Philip P. Houle*), by brief and orally, for the plaintiff.

GRIFFITH, J. This is a libel for divorce in which it is alleged that the present address of the defendant is unknown. The plaintiff filed a motion with her libel in which she alleged that she and her children were supported solely by Aid for Dependent Children payments and that she had no funds to pay the Manchester Union Leader fifty-one dollars for publication of an order of notice required by Superior Court Rule 232. In her motion she prayed that the trial court require either the State or the county to pay the cost of publication. The Trial Court (*Loughlin,* J.)

accepted the allegations as true, denied the motion subject to exception, and reserved and transferred all questions of law raised by the denial of the motion.

The plaintiff here argues that the denial of her motion violated her constitutional right of access to the courts. She relies upon *Boddie* v. *Connecticut*, 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971), which held that due process prohibits a State from denying access to its courts because of inability to pay to individuals seeking dissolution of their marriage. We agree that this decision clearly states that we may not bar our courts to this plaintiff because she cannot afford fifty-one dollars publication costs. *Miserak* v. *Terrill*, 130 Vt. 7, 285 A.2d 753 (1971). It does not follow that the trial court could require either the State or the county to pay the costs of publication. RSA 499:18-b(supp.) authorizes the court to waive filing costs of indigent litigants and to make sheriff's fees for service of process a charge against the county. Nothing in this statute can be construed to authorize the court to charge either the State or the county with the publication costs the plaintiff sought in her motion. The trial court properly denied plaintiff's motion.

The provision for service by publication where the residence of the defendant is unknown is contained in Rule 232 of the Superior Court effective April 4, 1972. The remedy of the plaintiff in this case is to move the court to waive that portion of the rule requiring publication and to direct service either by registered mail and posting or otherwise as the court may direct in a form within the means of the plaintiff. Waiver of the rule is within the authority of the court (*Stiles* v. *Dube*, 106 N.H. 339, 221 A.2d 402 (1965)) and due process requires that the court direct a form of service that does not deny the plaintiff access to the court because of her poverty. *Boddie* v. *Connecticut supra*.

*Exception overruled; remanded.*

KENISON, C.J., did not sit; the others concurred.