**Lessie Mae COOK, Appellant,**

**v.**

**Clarence JONES et al., Appellees.**

**No. 18490.**

Court of Civil Appeals of Texas, Dallas.

Feb. 20, 1975.

Rehearing Denied April 10, 1975.

F. Burns Vick, Jr., Dallas Legal Services, Inc., Dallas, for appellant.

Thomas V. Murto, III, Earl Luna, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Lessie Mae Cook appeals from an order of the Domestic Relations Court of Dallas County denying her petition for mandamus against the Sheriff and District Clerk of Dallas County and also the County Judge and members of the Dallas County Commissioners' Court. The petition sought to compel the parties to provide necessary funds to defray the costs of publication of citation in a divorce action, and to compel the return of such citation following publication.

On July 17, 1973, Lessie Mae Cook filed a petition for divorce against her husband, Horace Cook. Her petition was accompanied by an affidavit of inability to pay court costs as provided by Texas Rules of Civil Procedure, rule 145. On August 1, 1973, the Domestic Relations Court, following a hearing, certified Lessie Mae Cook as an indigent and allowed her to proceed *in forma pauperis*.

To enable the court to acquire jurisdiction of the parties to the litigation, Lessie Mae Cook attempted to secure personal service of process upon the defendant Horace Cook pursuant to the provisions of Tex.R.Civ.P. 106.[1] Attempts to secure personal service under this rule proved unsuccessful. Plaintiff wife then attempted to proceed to secure service on the defendant husband by complying with that part of Tex.R.Civ.P. 106 authorizing substituted service.[2] Such efforts to comply with this rule also proved to be ineffective since the whereabouts of the defendant husband were unknown and he had no usual place of business or abode.

Having made these efforts to secure service by the first two methods prescribed by law, the plaintiff wife applied for substituted service by publication, the third method prescribed by law, as set forth in

---

1. Rule 106 provides "the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

2. Tex.R.Civ.P. 106 provides "[w]here it is impractical to secure personal service . . . the court, upon motion, may authorize service by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served, or by delivering same to any one over sixteen years of age at the party's usual place of abode, or in any other manner which will be reasonably effective to give the defendant notice of the suit."

Tex.R.Civ.P. 109.[3] Plaintiff filed an affidavit that defendant's residence was unknown, as required by that rule, but her efforts to secure citation by publication was frustrated because she did not have funds available to defray the cost of publication in a newspaper published in Dallas County as · required by Tex.R.Civ.P. 116.[4] The Daily Commercial Record, the paper used frequently for such purposes, refused to print the citation without advance payment of costs therefor.

On February 25, 1974, plaintiff wife filed a petition for writ of mandamus against Clarence Jones, Sheriff of Dallas County; Bill Shaw, District Clerk of Dallas County; W. L. Sterrett, Dallas County Judge; and the members of the Commissioners' Court of Dallas County. The petition requested that Sheriff Jones be ordered to effect service of citation by publication pursuant to Tex.R.Civ.P. 116 and to make the appropriate return of citation for publication as provided for by Tex.R.Civ.P. 117. The petition sought to require the District Clerk to forward the cost of publication to the newspaper and that the Coun-

ty Commissioners' Court furnish the necessary funds for such publication. On July 18, 1974, following a hearing, the Domestic Relations Court denied the motion for mandamus and plaintiff wife brings this appeal. We hold that the Domestic Relations Court erred in not granting the motion for mandamus against the Sheriff of Dallas County, Texas.

■ Respondents contend that mandamus is inappropriate because plaintiff has not exhausted her remedies under Rule 106. They argue that this rule permits service "in any manner which will be reasonably effective to give defendant notice of the suit," and that notice sent by registered mail would be more effective than citation by publication. This contention is without merit because this plaintiff, like any other plaintiff, is entitled to citation by publication on making the affidavit prescribed by Rule 109.

■ Service of citation by publication has been subjected to severe criticism by many courts and writers.[5] While we agree

3. Pursuant to Tex.R.Civ.P. 109 "[w]here a party to a suit . . . shall make oath that the residence of any party defendant is unknown to affiant . . . and that after due diligence such party . . . [has] been unable to locate the whereabouts of such defendant . . . the clerk shall issue citation for such defendant for service by publication."

4. Rule 116 provides: "The citation, when issued, shall be served by the sheriff or any constable of any county of the State of Texas by having the same published once each week for four (4) consecutive weeks, the first publication to be at least twenty-eight (28) days before the return day of the citation. In all suits which do not involve the title to land or the partition of real estate, such publication shall be made in the county where the suit is pending, if there be a newspaper published in said county, but if not, then in an adjoining county where a newspaper is published."

5. The Supreme Court of the United States in Boddie v. Connecticut, 401 U.S. 371, 382, 91 S.Ct. 780, 788, 28 L.Ed.2d 113 (1971) said:

"[T]hat reliable alternatives exist to service of process by a state-paid sheriff if the State is unwilling to assume the cost of official service. This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings. . . . We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper."

*See also* Ashley v. Superior Court In and For Pierce County, 83 Wash.2d 630, 521 P.2d 711 (1974); L. v. L., 305 A.2d 620 (Del.1973); Brown v. Brown, 112 N.H. 410, 296 A.2d 898 (1972); Cohen v. Board of Supervisors, 20 Cal.App.3d 236, 97 Cal.Rptr. 550 (1971); Johnson, Citation by Publication —A Sham Upon Due Process, 36 Tex.B.J. 205 (1973); and 2 McDonald, Texas Civil Practice § 9.01.4 (1970).

We are, however, not convinced that service by registered letter as suggested in *Boddie* would provide equivalent protection for the absent defendant. This is because such service under Rule 106 would not be accompanied by the safeguards required by the rules relating to citation by publication. When citation has been served by publica-

with the criticism levelled at this obviously inadequate method of securing service upon defendants in civil actions in Texas, the fact remains that this method is one type of service authorized by the Legislature or the Supreme Court available to plaintiff wife so that she may have meaningful access to the Domestic Relations Court. She has been effectively denied this access because she does not have the necessary funds to pay the newspaper for publishing the citation the requisite number of times as prescribed by the rule. Because she has been duly certified by the Domestic Relations Court as an indigent, plaintiff wife should be allowed to initiate her divorce action without payment of court costs. Such costs include the fee for service of citation by publication.

 Rule 116 is plain and specific in its terms providing that when citation by publication is issued by the District Clerk it shall "be served by the sheriff or any constable of any county of the State of Texas by having the same published once each week for four (4) consecutive weeks . . . ." Thus the Sheriff of Dallas County is unequivocally directed to perform this duty. This responsibility includes the payment of the essential cost. Ordinarily the Sheriff is entitled to payment for the cost of publication, as he may charge a fee for serving other citations. Here, however, plaintiff has been relieved of that obligation by Rule 145. Consequently, she is entitled to require performance of the duty without payment.

As to Clarence Jones, Sheriff of Dallas County, Texas, the judgment of the trial court is reversed and here rendered that such Sheriff be hereby ordered to comply with the provisions of Tex.R.Civ.P. 116 et seq. by having citation in this case duly served by publishing the same in a newspaper published in Dallas County, Texas, providing the costs therefor, and to return such citation, following service, in the manner provided by law.

Reversed and rendered in part and affirmed in part.

## ON REHEARING

### CLAUDE WILLIAMS, Chief Justice.

In appellee's motion for rehearing, it is alleged that the writ of mandamus issued by us and our original opinion should be set aside and dismissed because appellant's husband had been personally served with citation by the Sheriff of Dallas County, Texas, on October 14, 1974, and, therefore, the matter has become moot. Attached to such motion for rehearing is a copy of the Sheriff's return reciting that the defendant Horace Cook was personally served with citation on October 14, 1974, and that such return of the officer was duly filed with Bill Shaw, District Clerk of Dallas County, Texas, on October 22, 1974.

Our opinion, delivered on February 20, 1975, wherein we directed the issuance of a writ of mandamus directing the Sheriff of Dallas County, Texas, to defray the cost of publication of citation in appellant's divorce action was predicated upon factual recitations contained in the transcript and briefs for both parties to the effect that efforts to obtain personal service of citation upon appellant's husband had been unsuccessful. In her affidavit in support of her petition to have citation served by publication, appellant Lessie Mae Cook stated that she had made diligent search in an effort to locate her spouse and had been unable to find him or determine his whereabouts. In her petition for mandamus in the trial court, appellant alleged that per-

---

tion, Rule 244 requires the court to appoint an attorney to defend the suit on behalf of the absent defendant, and further requires a statement of the evidence to be signed by the judge and filed with the papers. Rule 329(a) authorizes the court to grant a new trial upon petition of the defendant filed within two years after rendition of the judgment. Perhaps the rule should be amended to provide these safeguards in connection with other methods of substituted service.

sonal service could not be obtained against the defendant-husband. The trial court, in denying the petition for mandamus, made findings of fact which included one that appellant-wife had been unable to locate her husband and that the defendant should be served by publication. These facts were set forth in appellant's brief and were not denied in brief for appellees.

At the time the trial court issued its order denying the writ of mandamus in July 1974, and at the time such judgment was duly and timely appealed to this court in September 1974, the defendant-husband had not been served with citation. If in truth and in fact the defendant-husband was personally served with citation in the divorce action on October 14, 1974, as alleged by appellees in their motion for rehearing, we are given no explanation why the attorneys for appellant or the attorneys for appellees did not inspect the papers of the cause in the domestic relations court of Dallas County, Texas, and advise this court of the fact of personal service. This very vital fact, if properly brought before this court, would have very probably resulted in an opinion denying the writ of mandamus.

Since the question has now been presented to us in appellee's motion for rehearing and is not supported in the record itself, we now amend and modify our previous opinion as follows:

 The judgment is reversed and remanded to the trial court with the following instructions. (1) If upon proper hearing the trial court finds from the evidence that personal service for citation upon the defendant-husband was actually obtained in accordance with the law on October 14, 1974, then the trial court will enter an order dismissing the petition for writ of mandamus against appellees. (2) In the event the trial court should determine that personal service has not been legally effectuated upon the defendant-husband, as now contended by appellees, then and in such an event, the trial court is directed to issue

its writ of mandamus ordering Clarence Jones, Sheriff of Dallas County, Texas, to comply with the provisions of Tex.R.Civ.P. 116 et seq., by having citation in this case duly served by publishing the same in a newspaper published in Dallas County, Texas, providing the costs therefor, and to return such citation, following service, in a manner provided by law.

Appellee's motion for rehearing is overruled.