## Kenney v. Kenney

*Merle K. Evey*, for prothonotary.
*William J. Haberstroh*, for respondent.

PEOPLES, *P.J.*, March 6, 1981—During March, 1978 Pamela L. Kenney began living separate and apart from her husband, Stephen P. Kenney. Thereafter, on September 22, 1978, Blair County Legal Services, Inc. filed with this court a com-

plaint in divorce on behalf of Mrs. Kenney. Simultaneously, a petition for leave to proceed in forma pauperis was also filed on behalf of Mrs. Kenney. Service of the complaint was duly had upon defendant, Mr. Kenney, on September 23, 1978.

In accord with the provisions of Pa.R.C.P. 1137 [see now, Pa.R.C.P. 1920.1 et seq.], a hearing was held before the Honorable Robert B. Campbell on December 8, 1978 relative to her in forma pauperis petition. At that time, Judge Campbell determined that Mrs. Kenney was unable to pay all of the costs and fees attendant to the divorce action and by his order directed that she be relieved of the payment of all costs other than filing fees. Subsequently, on January 19, 1979, Harrison C. Snyder, Esq., was appointed to serve as the master in the divorce action and in obedience to that court appointment, attorney Snyder held a hearing on the merits of the claim for divorce on February 14, 1979. Both Mr. and Mrs. Kenney appeared with their respective attorneys at that hearing. It is noted that at that time, Mr. Kenney also qualified for legal representation by Blair County Legal Services, Inc., but due to an obvious conflict of interest he was referred to and provided with other legal counsel through the auspices of the Blair County Bar Association's lawyer referral program.

On February 23, 1979 Blair County Legal Services, Inc. formally withdrew its appearance as counsel for Mrs. Kenney. Simultaneously, William J. Haberstroh, Esq., officially entered the case as Mrs. Kenney's attorney. Both of these actions were taken at the specific instance of Mrs. Kenney.

Following the initial hearing before the master, it was contemplated that additional sessions of hearing would be needed. However, Mr. Kenney then

withdrew his contest of the action; no further hearings were held by the master; and on September 24, 1979 he filed his report to the court containing recommendation that the divorce be granted to Mrs. Kenney on the ground of indignities to the person. On the same day the Prothonotary of Blair County sent a bill for $125 to attorney Haberstroh for payment by Mrs. Kenney of the fee earned by the master. Calling to the attention of the prothonotary the provisions of Judge Campbell's order of December 8, 1978, attorney Haberstroh returned the bill without payment for the reason that Mrs. Kenney's financial status remained as it had been when said order was entered.

Mrs. Kenney's refusal of payment prompted the prothonotary, through the Solicitor of Blair County, to petition this court for the vacation of the aforementioned order of December 8, 1978, for the reason that Mrs. Kenney is allegedly able to pay the master's fee since she is now represented by private legal counsel. An answer to the petition to vacate was filed by Mrs. Kenney on October 9, 1979, and oral argument on the petition was heard by this court on January 18, 1980. Both parties have submitted memoranda of law and the matter is now ready for disposition.

Initially, we note that this matter might be quickly dispatched by a dismissal of prothonotary Weicht's petition for the reason that it is clear that in his official capacity he has no standing to challenge the decision made by Judge Campbell on December 8, 1978. The duties of the prothonotary are explicitly set forth in the Judicial Code, 42 Pa.C.S.A. §2737. Although his official functions are many and varied they do not include the handling or overseeing of the fiscal affairs of the

county. Instead, that function is reserved to the County Commissioners (The County Code of August 9, 1955, P.L. 323, sec. 1701, 16 P.S. §1701) and to the County Controller through the County Commissioners (The County Code of August 9, 1955, P.L. 323, sec. 1702, 16 P.S. §1702). Rather than dismiss this action solely upon the lack of the prothonotary's standing, we choose to deal with the issue raised by the petition in order that there might be no need to raise the question again.

The gist of the instant petition is a request that the court impute to Mrs. Kenney a change of her financial circumstances for the better and an attendant ability to pay all of the regular legal fees of a divorce action solely because she is presently represented by private legal counsel rather than the legal services attorney who initiated her divorce. It is the view of the court that petitioner has fallen far short of sustaining his burden of proof.

Pa.R.C.P. 1137 provides as follows:

"(a) Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, upon being satisfied of the truth of the averments of the petition, shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay. Costs include masters' fees and stenographic charges. The petition must disclose his full financial condition including his income and property. No filing fee shall be required for the filing of the petition.

"(b) A petition by a plaintiff shall also include a statement of the financial condition of the defendant including income and property, to the extent known to the plaintiff. The petition shall not be

denied or delayed because of defendant's financial ability to pay the costs. The entry of an order relieving the plaintiff from costs of the action, in whole or in part, shall not relieve the defendant from any liability for payment of the costs of the action.

"(c) If the plaintiff has been relieved of the payment of all or part of the costs the court by general rule or special order may provide the procedure by which the defendant may be required to pay such costs. Such proceedings shall in no manner delay or interfere with the disposition of the plaintiff's action."

No provision is made in Rule 1137 for removal of the pauper classification of an individual such as Mrs. Kenney once that status has been accorded. Likewise, the local rules of court contain no such provision. The issue has, however, been addressed by other jurisdictions and there it has been concluded that if it appears during the trial of a divorce action on its merits that the resources of the declared indigent are sufficient to pay the legal fees, the court should issue an order accordingly: Miserak v. Terrill, 130 Vt. 7, 285 A. 2d 753 (1971). No such evidence has been presented in the case at bar.

At no point has petitioner shown any proof of the manner in which Attorney Haberstroh is being compensated for his services to Mrs. Kenney. Actually, there has been no proof offered that he is being compensated at all. This court knows from personal experience and practice that an overwhelming majority of the members of the bar to this court provide cost-free service to numerous individuals despite the availability of the services of the legal service agency. Therefore, the mere presence of private counsel in this or any other cause of action fur-

nishes no basis for this court to conclude the attorney is actually being paid for his work.

The court's order of December 8, 1978 makes obvious the fact that Mrs. Kenney sufficiently sustained her burden of proof at that time and established herself as a pauper in the eyes of Judge Campbell. To accomplish a change of the court's view, petitioner must come forward with evidence sufficient to persuade the court of the validity of the allegation that Mrs. Kenney is no longer deserving of the designation. Such evidence has not been produced and, thus, the petitioner's cause fails.

In Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed. 2d 113 (1971), the Supreme Court of the United States determined that it was unconstitutional to deny access to the courts by requiring the payment of costs or fees in a domestic case from an indigent or needy individual.

In 1978 Mrs. Kenney met her burden of proof and was legally declared unable to pay the legal fees attendant to her divorce action. We have nothing before us to warrant a different result now: Moskol v. Moskol, 247 Pa. Superior Ct. 181, 3171 A. 2d 1387 (1977).

In that Mrs. Kenney has established her entitlement to a divorce in the eyes of the master and for the reasons hereinbefore set forth we make the following

## ORDER

Now, March 6 , 1981, it is hereby ordered, directed and decreed that the report of the master is herewith approved and directed to be filed and unless exceptions thereto be filed within four days from the date of the filing of this order, Pamela L.

Kenney shall be entitled to move for the entry of a final decree in divorce.

It is further ordered, directed and decreed that the instant petition to vacate is denied and dismissed and the master's fee in the amount of $125 is to be paid forthwith by the County of Blair to Harrison C. Snyder, Esq.