

# The Attorney General of Texas

February 26, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. MW-452

Re:  Duty of county clerk of
Harris   County   to   serve
citation   by   publication   in
eminent   domain   and   probate
matters and related questions

Dear Mr. Driscoll:

You have asked if it is the duty of the county clerk of Harris County to effect service of citation by publication in eminent domain actions or probate matters, and if so, what fee the clerk is authorized to charge therefor.

With respect to eminent domain matters, section 6 of article 3266, V.T.C.S., provides:

> If either party be dissatisfied with the decision [of special commissioners in condemnation proceedings], such party may... file his objection thereto in writing... and thereupon the adverse party <u>shall be cited</u> and the cause shall be tried and determined <u>as in other civil causes</u>.... (Emphasis added).

The Texas Rules of Civil Procedure govern citations in civil causes; Rules 114, 115, and 116 speak to citations by publication and their service. <u>See also</u> Rule 109. Rule 116 states: "The citation, when issued, shall be served by the sheriff or any constable of any county of the State of Texas...."

Prior to January 1, 1981, this language dovetailed neatly with Rule 103 which designated sheriffs and constables as those officers authorized to serve process in general, and with Rule 106 which speaks to the manner of serving citations in particular. But in 1980, the Texas Supreme Court amended Rules 103 and 106, effective January 1, 1981, by adding the emphasized language below, <u>inter alia</u>:

> Rule 103.  Officer Who May Serve
>
> All process may be served by the sheriff or any constable of any county in which the party to

> be served is found, <u>or, if by mail, either of the</u> <u>county in which the case is pending or of the</u> <u>county in which the party to be served is found;</u> provided that no officer who is a party to or interested in the outcome of a suit shall serve any process therein. <u>Service by registered or</u> <u>certified mail and citation by publication may be</u> <u>made by the clerk of the court in which the case</u> <u>is pending.</u>

> Rule 106.   Service of Citation

> (a)   Unless the citation or an order of the court otherwise directs, the citation shall be served by <u>any officer authorized by Rule 103</u>....

<u>See</u> Pope and McConnico, <u>Practicing Law with the 1981 Texas Rules</u>, 32 Baylor Law Rev. 457, 485 (1980).   Rules 114, 115, and 116 were not amended.

In our opinion, it is now the duty of the county clerk of Harris County, if properly called upon, to effect service of citation by publication in eminent domain actions.   <u>See</u> Rule 109, T.R.C.P.   We think Rules 103 and 106, which together now expressly authorize clerks of court in pending cases to effect service of citation by publication, would effectively supercede any provision of Rule 116 that might conflict therewith.   Rule 110, T.R.C.P.   <u>See Kimbrough v.</u> <u>Neill</u>, 256 S.W.2d 202 (Tex. Civ. App. - Eastland 1953, writ ref'd n.r.e.).   But in our opinion, there is no conflict between them.   Any seeming conflict between Rules 106 and 116 is resolved by recognizing that the phrase in Rule 116 reading, "[t]he citation, when issued, <u>shall</u> be served by the sheriff or any constable....," is intended to express the mandatory nature of the <u>duty</u> imposed upon officers empowered to effect service of citation by publication, <u>see</u> <u>Cook v.</u> <u>Jones</u>, 521 S.W.2d 335 (Tex. Civ. App. - Dallas 1975, dismissed as moot on rehearing), and not to restrict those who might be authorized to effect service of citation by that method.   Rules of civil procedure are to be construed so as to produce harmony rather than discord.   <u>Ex</u> <u>parte Godeke</u>, 355 S.W.2d 701 (Tex. 1962); <u>Russell v. Hartford Casualty</u> <u>Insurance Company</u>, 548 S.W.2d 737 (Tex. Civ. App. - Austin 1977, writ ref'd n.r.e.).

Until it was amended in 1980, "the sheriff and any constable" were the only officers specified by Rule 103 for effecting service of process of any kind.   Even then, however, Rule 104 allowed the judge of a court in which a cause was pending to direct by order that "all process" be served by a resident citizen if there was no officer qualified to do so in a particular case.   A person so designated had "full power and authority as an officer of the court to execute any such process or writ and make due return thereof as in other cases" -- a power which included, in our opinion, authority to effect service of

citation by publication. Thus, it is clear that the Rule 116 phrase, "shall be served by the sheriff or any constable," was never intended to forbid the use of other persons to effect service of citation by publication. Of course, the requisites of Rules 109, 111, 112, 113, 114, 115, 116 and 117, as well as Rule 244, must be satisfied regardless of who may be authorized to effect service of citation by that method. Cf. South Texas Development Company v. Martwick, 328 S.W.2d 230 (Tex. Civ. App. - Waco 1959, writ ref'd n.r.e.) (authority for citation by publication strictly construed).

The situation with respect to probate matters is somewhat different, but the result is the same: It is now the duty of the county clerk of Harris County, if properly called upon, to effect service of citation by publication in probate matters.

Rule 2 of the Texas Rules of Civil Procedure states that where "any statute in effect immediately prior to September 1, 1941" prescribed a rule in any probate proceeding, the statute, if not theretofore repealed, would apply rather than the Rules of Civil Procedure. Those statutes have since been superceded by the Texas Probate Code. Section 33 of the Probate Code now sets out the requisites of citation and service in probate matters, but provides in subsection (d):

> In all situations in which this Code requires... that a person be cited, and in which a specific method of... citing such person, or a specific method of service and return of such citation... is not given, or an insufficient or inadequate provision appears with respect to any such matters, or when any interested person so requests, such... citation shall be issued, served, and returned in such manner as the court, by written order, shall direct in accordance with this Code and the Texas Rules of Civil Procedure, and shall have the same force and effect as if the manner of service and return had been specified in this Code. (Emphasis added).

The Probate Code, section 33(f)(3), provides for citation by publication but it does not specify the persons authorized to effect such service. Section 33(c) states that citations shall be directed to the person or persons to be cited, but that no precept directed to an officer is necessary (though a citation containing a precept directed to an officer authorized to serve it is not to be considered defective for that reason). In our opinion, Rules 103, 106, 109, and 110 are to be read with the pertinent provisions of the Probate Code and, when so read, the clerk's duty to serve citation by publication in probate proceedings, if properly called upon to do so, becomes clear. See Nass v. Nass, 228 S.W.2d 130 (Tex. 1950); Kotz v. Kotz, 613 S.W.2d 760 (Tex. Civ. App. - Beaumont 1981, no writ).

There are no statutes which specify a particular charge to be made by county clerks for effecting service of citation by publication, but section 3 of article 3930(b), V.T.C.S., as amended in 1981, states that a county clerk or clerk of court serving process by certified or registered mail is to charge the same fee that sheriffs and constables are authorized to charge therefor. (Such fees are to be set in reasonable amounts by the commissioners court. V.T.C.S. art. 3926a.) And section (10) of article 3930, V.T.C.S., also amended in 1981, authorizes and requires county clerks to collect "reasonable fees" for performing on behalf of persons, firms, corporations, legal entities, governmental agencies and/or governmental representatives "other duties prescribed, authorized, and/or permitted by the legislature for which no fee is set." (Emphasis added).

By enacting article 1731a, V.T.C.S., the Rule Making Act, the legislature has "permitted" the duties of clerks to be altered and prescribed by the Rules of Civil Procedure promulgated by the supreme court. See Garrett v. Mercantile National Bank, 168 S.W.2d 636 (Tex. 1943). Cf. Tex. Const. art. V, §25. We conclude that clerks are authorized and required by article 3930, section (10), to collect reasonable fees for effecting service of citation by publication. They should charge the same fees that sheriffs and constables are authorized to charge for such service.

## S U M M A R Y

If properly called upon to do so, it is the duty of the county clerk of Harris County to effect service of citation by publication in eminent domain actions and probate proceedings. For doing so, the clerk should charge the same fees as the sheriff or constable is authorized to charge.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Joe Jarrard
Jim Moellinger
Bruce Youngblood