

# The Attorney General of Texas

February 21, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Dale Hanna
Johnson County Attorney
1st Floor, Courthouse
Cleburne, Texas    76031

Opinion No. JM-435

Re: Responsibility for notification
of defendants in criminal cases

Dear Mr. Hanna:

You ask the following questions about notification of misdemeanor defendants of certain criminal proceedings:

> 1. Whose responsibility is it to notify defendants and/or defense attorneys of criminal misdemeanor arraignment, pre-trial, and trial settings in the district court, i.e., court secretary, prosecutor, district court clerk, or sheriff's office?
>
> 2. Does the district court have jurisdiction to order the prosecutors office to notify criminal defendants of arraignment, pre-trial, and trial settings?
>
> 3. Is a prosecutor ethically prohibited by disciplinary rule DR-7-104 from notifying defendants of such arraignment, pre-trial, or trial settings after they have employed counsel?

Your request letter poses the question primarily as a choice between the district court and the prosecutor. We note, however, that jurisdiction over misdemeanor cases is divided between the district courts and the county courts according to the nature of the offense. See Code Crim. Proc. arts. 4.05, 4.07. In Johnson County, the county court and the district court have concurrent jurisdiction over certain misdemeanor cases. See V.T.C.S. art. 1970-335, §2. See generally, Regian v. Sowell, 534 S.W.2d 175, (Tex. Civ. App. - Waco 1976, writ ref'd n.r.e.). Section 3 of article 1970-355 provides that

> [t]he District Clerk of Johnson County shall continue to perform all the clerical functions of and for the County Court of Johnson County, insofar as all matters and causes over which the

said District Court and County Court have concurrent jurisdiction, as hereinabove set out.

Consequently, we address your question solely as one between the prosecutor's office and the court which properly has jurisdiction over the misdemeanor case in question.

Article 28.01 of the Texas Code of Criminal Procedure provides for pre-trial hearings as follows:

> Section 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters:
>
> (1)  Arraignment of the defendant, if such be necessary; and appointment of counsel to represent the defendant, if such be necessary;
>
> (2)  Pleadings of the defendant;
>
> (3)  Special pleas, if any;
>
> (4)  Exceptions to the form or substance of the indictment or information;
>
> (5)  Motions for continuance either by the State or defendant; provided that grounds for continuance not existing or not known at the time may be presented and considered at any time before the defendant announces ready for trial;
>
> (6)  Motions to suppress evidence -- When a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court;
>
> (7)  Motions for change of venue by the State or the defendant; provided, however, that such motions for change of venue, if overruled at the

pre-trial hearing, may be renewed by the State or the defendant during the voir dire examination of the jury;

(8) Discovery;

(9) Entrapment; and

(10) Motion for appointment of interpreter.

Sec. 2. When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters. The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits.

Sec. 3. The notice mentioned in Section 2 above shall be sufficient if given in any one of the following ways:

(1) By announcement made by the court in open court in the presence of the defendant or his attorney of record;

(2) By personal service upon the defendant or his attorney of record;

(3) By mail to either the defendant or his attorney of record deposited by the clerk in the mail at least six days prior to the date set for hearing. If the defendant has no attorney of record such notice shall be addressed to defendant at the address shown on his bond, if the bond shows such an address, and if not, it may be addressed to one of the sureties on his bond. If the envelope containing the notice is properly addressed, stamped and mailed, the state will not be required to show that it was received.
(Emphasis added).

See generally Barbee v. State, 432 S.W.2d 78 (Tex. Crim. App. 1968), cert. denied, 395 U.S. 924 (1969).

Section 1 of article 28.01 states that the court shall direct the defendant, his attorney, and the state's attorney to appear at pre-trial hearings. Article 28.01 also authorizes three methods of notification: (1) "[b]y announcement made by the court," (2) "[b]y personal service," or (3) [b]y mail . . . deposited by the clerk." We conclude that this language places the responsibility for notifying defendants of pre-trial hearings upon the court rather than upon the prosecuting attorney.

Other provisions in the Code of Criminal Procedure support this conclusion and suggest that the court must also notify defendants of trial settings. Chapter 2 of the code, articles 2.01 through 2.24, sets forth the duties of magistrates, a term which includes county and district court judges. See Code Crim. Proc. art. 2.09. These duties include the issuance of all process intended to aid in preventing and suppressing crime. Id. art. 2.10. Article 2.21(a) of the Code of Criminal Procedure provides for the general duties of court clerks as follows:

> Each clerk of the district or county court shall receive and file all papers and exhibits in respect to criminal proceedings, issue all process in such cases, and perform all other duties imposed upon them by law.

In contrast, the provisions of the code which set forth the duties of prosecutors, see arts. 2.01-2.08, neither require nor authorize district attorneys, county attorneys, or criminal district attorneys to issue or execute process. Consequently, the court, rather than the prosecutor, has the responsibility to notify defendants of pre-trial hearings and trial settings. See Attorney General Opinion O-5694 (1943).

Your second question requires consideration of whether the court holds the power to fulfill its responsibility to notify defendants by ordering the prosecutor's office to carry out these duties of the court, i.e., by ordering the prosecutor's office to execute process issued by the court. As indicated, the code imposes no duty on prosecuting attorneys to notify defendants of pre-trial proceedings and trial settings. See Duncan v. State, 67 S.W. 903, 905 (Tex. Civ. App. 1902, no writ); cf. Faulder v. Hill, 612 S.W.2d 512 (Tex. Crim. App. 1980).

Moreover, the authority of the court to direct persons to serve process depends primarily on the statutes which direct the method of service. Article 2.13 of the Code of Criminal Procedure provides that

every peace officer, as defined in article 2.12, "shall execute all lawful process issued to him by any magistrate or court." See also Code Crim. Pro. art. 2.16. A prosecuting attorney is not included within this definition of "peace officer." The official duty to execute service of process issued by a magistrate falls upon sheriffs. See Code Crim. Proc. arts. 2.12, 2.13; Henry S. Miller Company v. Evans, 452 S.W.2d 426 (Tex. 1970); Grasz v. Grasz, 608 S.W.2d 356 (Tex. Civ. App. - Dallas 1980, no writ); Cook v. Jones, 521 S.W.2d 335 (Tex. Civ. App. - Dallas 1975, writ ref'd n.r.e.); Attorney General Opinion H-595 (1975). Although the court may direct persons other than sheriffs to serve process in some circumstances, this authority does not properly extend to prosecuting attorneys. Consequently, we do not believe it is appropriate for the court to order the prosecutor's office to notify misdemeanor defendants of pre-trial hearings and trial settings.

Your final question is whether a prosecutor is ethically prohibited from notifying misdemeanor defendants of pre-trial hearings and trial settings by DR-7-104(A) of the disciplinary rules governing the State Bar. V.T.C.S. art. 320a-1, Title 14, Appendix A, art. 12, §8. Rule DR-7-104 states:

> (A) During the course of his representation of a client a lawyer shall not:

>> (1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

>> (2) Give advice to a person who is not represented by a lawyer, other than the advice to secure counsel, if the interests of such person are or have a reasonable possibility of being in conflict with the interests of his client. (Emphasis added).

Notifying a defendant of the need to appear in court is not a communication "on the subject of the representation" prohibited by DR-7-104(A)(1). See generally Pannell v. State, 666 S.W.2d 96 (Tex. Crim. App. 1984); Henrich v. State, 694 S.W.2d 341 (Tex. Crim. App. 1985); State v. Lemon, 603 S.W.2d 313 (Tex. Civ. App. - Amarillo 1980, no writ). Such "advice" is more akin to advising a defendant to secure counsel. Consequently, we believe that a proescutor is not ethically prohibited by DR-7-104 from notifying misdemeanor defendants of pre-trial hearings and trial settings.

## S U M M A R Y

Article 28.01 of the Texas Code of Criminal Procedure provides that the court has the responsibility to notify defendants of pre-trial hearings. The court also has the responsibility to notify defendants of trial settings. A prosecutor, however, is not ethically prohibited from notifying defendants of pre-trial hearings and trial settings.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General