Filed 11/18/21  In re Harper CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re JASON SCOTT HARPER, for Change of Name. | F081722 |
| | (Super. Ct. No. 19C0339) |
| | **OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kings County.  Kathy Ciuffini, Judge.

Jason Scott Harper, in pro. per., for Appellant.

No appearance for Respondent.

-ooOoo-

Jason Harper, an allegedly indigent prisoner, filed a Petition for Change of Name in superior court.  However, Harper could not afford to publish notice of his change of name in the county newspaper pursuant to Code of Civil Procedure section 1277 due to his indigency.  Harper requested the superior court allow him to publish notice via the court clerk.  Nevertheless, the superior court issued an order denying Harper's petition for noncompliance with the publication requirement, finding the superior court had no discretion to permit an alternative means of publication.  Harper appeals from the court's

---

[*] Before Levy, Acting P. J., Franson, J. and Snauffer, J.

order, arguing that the superior court had such discretion.  We agree and remand for further proceedings.

## FACTS

Harper is an inmate in the California Department of Corrections and Rehabilitation.  He was previously involved in a prison incident that negatively associated his name in the minds of other prisoners.  Desiring to change his name, Harper filed a Petition for Change of Name in the superior court.[1]  Pursuant to Code of Civil Procedure, section 1277, subdivision (a)(2),[2] Harper was required to publish the trial court's order to show cause for the name change in a newspaper of general circulation in Kings County.  Such a newspaper existed and required $222.50 to publish the order to show cause.  Harper claimed he was indigent and thus unable to produce this sum.  He argued, nevertheless, that the court had discretion to and should apply the provision that allows publication by clerk's posting when a county has no newspaper of general circulation.  (*Ibid*.)  Ultimately, the trial court denied Harper's petition because it determined it lacked discretion to permit publication of the order to show cause via clerk's posting when a newspaper of general circulation exists.

---

[1] The procedure for changing one's name is set forth in Code of Civil Procedure section 1277, subdivision (a)(1), which states, in pertinent part:  "A proceeding for a change of name is commenced by the filing of a petition except as provided in subdivisions (b), (c), and (e), the court shall thereupon make an order citing the filing of the petition, the name of the person by whom it is filed, and the name proposed."

[2] "A copy of the order to show cause shall be published pursuant to Section 6064 of the Government Code in a newspaper of general circulation to be designated in the order published in the county.  If a newspaper of general circulation is not published in the county, a copy of the order to show cause shall be posted by the clerk of the court in three of the most public places in the county in which the court is located, for a like period.  Proof shall be made to the satisfaction of the court of this publication at the time of the hearing of the application."  (Code Civ. Proc., § 1277, subd. (a)(2).)

## DISCUSSION

Harper contends that the trial court had discretion to authorize the alternative method of publication by court clerk under Code of Civil Procedure section 1277. This issue presents a pure question of law subject to de novo review. (*Aryeh v. Canon Business Solutions, Inc*. (2013) 55 Cal.4th 1185, 1191.) We agree with Harper and remand for further proceedings.

"California courts, pursuant to the principles of the in forma pauperis doctrine, have the inherent discretion to facilitate an indigent civil litigant's equal access to the judicial process even when the relevant statutory provisions that impose fees or *other expenses* do not themselves contain an exception for needy litigants." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 605 (*Jameson*), italics added.) "[T]he exercise of judicial discretion in furtherance of facilitating equal access to justice is not limited to excusing the payment of fees that the government charges for government-provided services. Judicial authority to facilitate meaningful access to indigent litigants extends as well to excusing statutorily imposed expenses that are intended to protect third parties (e.g., injunction or damage bonds) and to devising alternative procedures (e.g., additional methods of service or meaningful access) so that indigent litigants are not, as a practical matter, denied their day in court." (*Ibid*., citing *County of Sutter v. Superior Court* (1966) 244 Cal.App.2d 770 [right of indigent civil litigant to obtain waiver of bond requirement imposed by Gov. Code, § 947]; *Baltayan v. Estate of Getemyan* (2001) 90 Cal.App.4th 1427, 1436—1443 (conc. opn. of Johnson, J.) [right of indigent out-of-state civil plaintiff to exemption from security undertaking required by Code Civ. Proc., § 1030]; *Cohen v. Board of Supervisors* (1971) 20 Cal.App.3d 236 (*Cohen*); *Roberts v. Superior Court* (1968) 264 Cal.App.2d 235 [right of indigent civil litigant to obtain waiver of appeal bond required by Code Civ. Proc., § 985.5].)

In *Cohen*, *supra*, 20 Cal.App.3d at pp. 237—239, the Court of Appeal held that indigent civil plaintiffs unable to afford service by statutorily prescribed publication

3.

could utilize alternative reasonable methods of service determined at the trial court's discretion where the applicable statute did not prescribe other methods. In this case, assuming Harper was indigent, the trial court had discretion to determine a reasonable alternative method to publication. Here, section 1277 of the Code of Civil Procedure provides such a reasonable alternative: publication by the court clerk. (See Code of Civ. Proc. § 1277, subd. (a)(2).) Section 1277's lack of "an exception for needy litigants" did not deprive the trial court of discretion to apply section 1277's method of publication by clerk or any other method the trial court, in its discretion, deemed reasonable. (*Jameson*, *supra*, 5 Cal.5th at p. 605.)

Finding that the trial court has discretion, we remand this case to the trial court to determine if Harper is in fact indigent. If the trial court determines Harper is indigent, then the trial court may exercise its discretion to grant his request to utilize publication by the court clerk pursuant to Code of Civil Procedure section 1277 or any other remedy the trial court deems appropriate

## DISPOSITION

This matter is remanded to the trial court for further proceedings consistent with this opinion.