Filed 1/22/19

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ELENA DOGAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COMANCHE HILLS APARTMENTS, INC.<br>et al.,<br><br>    Defendants and Respondents. | D072328<br><br><br><br>(Super. Ct. No.<br> 37-2015-00007705-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County,

Judith F. Hayes, Judge.  Reversed.

Elena Dogan, in pro. per., for Plaintiff and Appellant.

Law Offices of Roxanne Huddleston, Roxanne Huddleston; Hartsuyker Stratman

& Williams-Abrego and Danny Grant for Defendants and Respondents.

In this personal injury/premises liability action, self-represented plaintiff Elena Dogan appeals after the trial court granted a motion for nonsuit brought by her landlord, defendant Comanche Hills Apartments, Inc., and related individuals and entities at the close of her case. At an earlier stage of the litigation, Dogan's request for a fee waiver had been granted by the San Diego Superior Court on grounds of indigency. But based on then-existing court policy, Dogan's subsequent request for a waiver of court reporter fees had been denied. As a result, there was no court reporter at trial and no reporter's transcript on appeal. Dogan seeks to challenge the trial court's decision to grant a nonsuit in defendants' favor. Their principal argument in response asserts that Dogan cannot establish error due to the absence of a reporter's transcript.

After initial briefing in this case was complete, the California Supreme Court issued its decision in *Jameson v. Desta* (2018) 5 Cal.5th 594 (*Jameson*), holding that the San Diego Superior Court's policy on providing court reporters "is invalid as applied to plaintiff and other fee waiver recipients, and that an official court reporter, or other valid means to create an official verbatim record for purposes of appeal, must generally be made available to in forma pauperis litigants upon request." (*Id*. at p. 599.) As defendants appropriately concede in their post-*Jameson* supplemental brief, *Jameson* applies retroactively to all cases, including this one, not yet final on appeal. Because there is no way to now provide a reporter for a trial that has already occurred, we have no choice but to reverse and remand for a new trial at which an official court reporter will be furnished.

2

FACTUAL AND PROCEDURAL BACKGROUND

Given the procedural posture of the case, an abbreviated summary of the facts will suffice. In 2015, Dogan was a resident of the Comanche Hills Apartments, owned by defendants Warren Beecroft and Beecroft Properties LLC. Defendants Janet Horn and Lisa Pryor were the regional director and regional manager, respectively, of Comanche Hills Apartments, Inc. and Beecroft Properties LLC. Dogan alleged she was injured when some concrete stairs at the apartment complex broke under her foot, causing her to fall. She claimed defendants were responsible for her injuries based on their control of the premises. Shortly after the filing of her initial complaint, the superior court granted Dogan a fee waiver.

The case ultimately went to trial on a negligence theory. Several months before trial, Dogan filed a request to waive additional court fees and specifically asked for a waiver of court reporter fees. The request was denied with the stamped notation, "The Court does not provide Court Reporter Services."

The court's minutes reflect that the jury trial began on Thursday, December 8, 2016. The presentation of evidence continued on Monday, December 12 and Tuesday, December 13. When Dogan finished her case on Tuesday morning, defendants moved for nonsuit (mistakenly referred to as "directed verdict"), which the court granted. (See Code Civ. Proc., § 581c, subd. (a).) It concluded that Dogan "presented no evidence that the landlord knew or had any reason to know of any problem with the cement steps."

3

The court added that "[o]n several occasions in her testimony [Dogan] described the problem with the step riser as 'invisible' prior to her fall."

Following the entry of judgment, Dogan filed a notice of appeal. Her opening brief attempted to offer a recitation of the facts presented at trial, much of which (not surprisingly) is unsupported by any citations to the record. Defendants' first argument, predictably, was titled, "None of Plaintiff's Challenges To The Directed Verdict Can Be Reviewed In The Absence Of A Reporter's Transcript." Dogan responded to this argument on the first page of her reply brief: "The Pro-Per Appellant is a disabled, indigent person . . . who was approved for the court fee waiver at the beginning of this litigation. She applied for a fee waiver covering the 'court reporting' of the jury trial, but the Court denied her request. Due to her extremely disadvantaged financial status, known to the Court and respondents, Appellant was forced to proceed with 'clerk's transcript' on Appeal."

DISCUSSION

In *Jameson*, the Supreme Court recently considered the validity of the San Diego Superior Court's "general policy of not providing official court reporters in most civil trials while permitting privately retained court reporters for parties who can afford to pay for such reporters" as applied to in forma pauperis litigants who qualified for a general fee waiver. (5 Cal.5th at p. 599; see also *id.* at p. 611.) The same policy is at issue in this case, and the facts of the two cases are quite similar. Jameson, like Dogan, obtained a standard initial fee waiver based on indigency. (*Id.* at p. 600; see Gov. Code, § 68631 et

4

seq.)[1]  And although section 68086, subdivision (b) provides that the court reporter's fee "shall be waived for a person who has been granted a[n initial] fee waiver under Section 68631," the superior court informed Jameson (as it informed Dogan) that it did not " 'provide[] a court reporter for civil trials, and that parties have to provide their own reporters for trial.' " (*Jameson, supra,* 5 Cal.5th at p. 600.)  After the trial court granted a motion for nonsuit following his opening statement, Jameson appealed without the benefit of a reporter's transcript.  (*Id.* at pp. 601–602.)

The Supreme Court in *Jameson* surveyed the significant common law history in California allowing qualified litigants to appear in forma pauperis, and it reviewed the public policy of the state as expressed in various statutory enactments.  (5 Cal.5th at pp. 603−608.)  Recognizing the crucial importance of a reporter's transcript in meaningfully exercising the right to appeal (*id.* at pp. 608−610), *Jameson* concluded that the San Diego court's policy of not providing an official court reporter in most civil cases—leaving it to the parties to employ a private reporter only if they could afford one—was invalid because it denied indigent litigants equal access to the courts.  (*Id.* at pp. 622−623.)  The Chief Justice's opinion explained that if a local court adopts a policy of not providing official court reporters in civil cases, it must include "an exception for fee waiver recipients that assures such litigants the availability of a verbatim record of the trial court proceedings, which under current statutes would require the presence of an official court reporter."  (*Id.* at p. 623.)

---

[1]  All statutory references are to the Government Code.

Acknowledging the general rule that judicial decisions apply retroactively to all cases not final on appeal (e.g., *Newman v. Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978–979), defendants concede that *Jameson* now supplies the governing standard. Indeed, the relevant circumstances in the two cases are indistinguishable. Both plaintiffs were granted initial fee waivers. Both were entitled by statute to a waiver of court reporter fees. The only reason a court reporter was not present to record each trial was the San Diego court policy of not providing official court reporters in most civil cases. The exception required by *Jameson* would have afforded Dogan a court reporter at no charge.

Defendants attempt to suggest that despite the absence of a court reporter, the error in failing to provide one is harmless and reversal is not required because the record affirmatively demonstrates Dogan could not meet her burden of proof. (See generally *Jameson*, *supra*, 5 Cal.5th at pp. 623–625.) They rely on the trial court's minute order, which referred to "several occasions" in Dogan's testimony when she "described the problem with the step riser as 'invisible' prior to her fall." Defendants argue this was an admission by Dogan that is fatal to her case. For her part, Dogan denies ever making such a statement.

On this record we cannot conclude that the absence of a reporter's transcript was harmless. The trial court's statement of reasons in its minute order is not a verbatim transcript of the testimony. It is, at best, the court's recollection—or perhaps a characterization—of one part of the testimony. Significantly, Dogan's recollection is different. If the record here included a reporter's transcript, we would review the court's

6

reasoning in light of the actual testimony to determine, under the appropriate standard of review, whether the nonsuit was properly granted.  In light of *Jameson*, we cannot fairly conduct our review without a reporter's transcript.

DISPOSITION

Because the trial court erred in failing to make an official court reporter available for trial on Dogan's request, and to waive the fee for that reporter, the judgment is reversed.  The matter remanded for a new trial at which an official court reporter shall be provided at no charge.  Dogan is entitled to recover costs on appeal.

DATO, J.

WE CONCUR:

HALLER, Acting P.J.

GUERRERO, J.