Filed 1/12/26  Bauer v. Likhterman CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID P. BAUER,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEKSANDR LIKHTERMAN,<br><br>    Defendant and Appellant. | G064695<br><br>(Super. Ct. No. 30-2021-01214086)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Thomas S. McConville, Judge. Affirmed. Request for judicial notice granted.

Law Offices of John J. Jackman and John J. Jackman for Defendant and Appellant.

Craig A. Sherman and Craig A. Sherman for Plaintiff and Respondent.

Defendant Aleksandr Likhterman challenges a judgment for his neighbor, plaintiff David P. Bauer, on a claim that Likhterman violated their community CC&Rs. He contends the court erred by granting declaratory and injunctive relief after rejecting Bauer's separate nuisance claim. He also asserts, without substantive argument, that the court improperly awarded Bauer attorney fees.

We conclude that the trial court properly granted declaratory and injunctive relief for the CC&R violations and that Likhterman forfeited any challenge to the attorney fees award. Accordingly, we affirm the judgment.

FACTS

Bauer sued Likhterman for (1) breach of CC&Rs and (2) nuisance.[1] He alleged Likhterman violated their community's CC&Rs by parking a commercial van on the street. Under the breach claim, Bauer sought declaratory and injunctive relief.

At a bench trial, Likhterman admitted he was parking his van on the street and in his driveway during the day, asserting the CC&Rs did not restrict daytime parking. The trial court admitted into evidence the 2019 version of the CC&Rs, which limited commercial-vehicle parking to a designated community lot and made no exception for daytime parking.[2]

After trial, the court rejected Bauer's nuisance claim but found for him on the breach claim. It declared that Likhterman violated the CC&Rs by "continuing to park his commercial van in an unpermitted manner" and

---

[1] We grant Likhterman's request for judicial notice of Bauer's complaint, which Likhterman failed to include in the record on appeal. (Evid. Code, § 452, subd. (d) [permitting judicial notice of California court records].)

[2] The trial court also admitted into evidence a later version of the CC&Rs but Likhterman has not included it in the record on appeal.

issued an injunction barring further violations. The court found that Bauer was the prevailing party and ultimately awarded him about $48,000 in attorney fees. (Civ. Code, § 5975.)

DISCUSSION

We find no error in the judgment. First, Bauer was not required to prevail on his nuisance claim to get declaratory and injunctive relief. Code of Civil Procedure section 1060 authorizes a standalone cause of action for the declaration of rights or duties concerning property. (*Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners LLC* (2010) 191 Cal.App.4th 357, 365; see also *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79 [discussing "cause of action for declaratory relief"].) And while injunctive relief is a remedy, rather than a cause of action (*McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1159), Civil Code section 5975 allows homeowners to sue for breach of CC&Rs and obtain an injunction (Civ. Code, § 5975, subd. (a); *Ridley v. Rancho Palma Grande Homeowners Assn.* (2025) 114 Cal.App.5th 788, 799.) Thus, Likhterman's citation to caselaw holding that both declaratory and injunctive relief require a valid underlying cause of action is inapposite. Bauer succeeded on his CC&R claim.

Contrary to Likhterman's assertion, this dispute was not "*too* ripe for declaratory relief," as it concerned both past violations and ongoing conduct. (See *Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners LLC, supra*, 191 Cal.App.4th at p. 366 [declaratory relief unavailable for claims based only on past wrongs].) The trial court found—and Likhterman does not dispute—that Likhterman continued to park his van in violation of the CC&Rs.

Second, although Likhterman's opening brief lists Bauer's entitlement to attorney fees among the issues presented, Likhterman has

3

forfeited any challenge to the fee award. He develops no argument on this point in his appellate briefs. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [contentions unsupported by analysis and citation to authority is forfeited].) And he filed no opposition to Bauer's fee motion.[3] (*Blackburn v. Charnley* (2004) 117 Cal.App.4th 758, 769 [arguments not raised in opposition to attorney fees motion are forfeited].) In any event, nothing on the face of the award strikes us as inappropriate for litigation like this.

## DISPOSITION

The judgment is affirmed. Bauer is awarded costs on appeal.

SCOTT, J.

WE CONCUR:

MOORE, ACTING P. J.

GOODING, J.

---

[3] Although Likhterman suggests Bauer never file a noticed motion for attorney fees, Bauer disputes this and cites specific documents in the register of actions. Likhterman has not included these filings in the record on appeal and does not respond to Bauer's assertion. We therefore presume Bauer properly filed a noticed motion. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [appellant has burden to show error based on appellate record].)